UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GERARDO CORREA, on behalf of
himself and others similarly situated,

                              Plaintiff,

            -against-

GARZON & BERNAL DESIGN, INC.,
AG PAINTING & DECORATING INC.,
ISLAND DESIGN, and MIGUEL GARZON, individually,

                              Defendants.
------------------------------------------------------------------------X

Civil Action No.: 2:21-cv-2888

**FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, GERARDO CORREA ("Plaintiff"), on behalf of himself and others similarly situated, by his attorneys, Campolo, Middleton & McCormick, LLP, as and for his Complaint against Defendants, GARZON & BERNAL DESIGN, INC., AG PAINTING & DECORATING INC., ISLAND DESIGN, and MIGUEL GARZON, individually (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of himself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for himself and other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of himself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 *et seq.* and 12 N.Y.C.R.R. §146 (the "NYLL"). Plaintiff seeks, for himself

and all other similarly situated employees, unpaid wages, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3. Defendants have engaged in a policy and practice of requiring the Plaintiff and others similarly situated to regularly work without being paid overtime wages as required by applicable federal and state law, as Plaintiff's hours were always capped at forty (40) hours per week when he worked significantly more hours per week.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

## PARTIES

7. Plaintiff is an individual who resides in the County of Suffolk, State of New York.

8. At all times herein mentioned, Plaintiff was employed by Defendants, where he worked as a painter for twenty (20) years until he was injured on the job on March 10, 2021.

9. Defendant Garzon & Bernal Design, Inc. ("G&B") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Suffolk, State of New York.

10. Defendant AG Painting & Decorating Inc. ("AG") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Suffolk, State of New York.

11. Upon information and belief, Defendant Island Design ("Island") is a domestic corporation authorized to business in the State of New York, with its principal place of business located in the County of Suffolk, State of New York.

12. Upon information and belief, Defendant Miguel Garzon ("Garzon") is an officer, director and principal of G&B, AG and Island (collectively the "Corporate Defendants").

13. At all relevant times mentioned herein, Garzon had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

14. Garzon both had authority to, and did in fact, exercise operational control over the Corporate Defendants.

15. For the employees of the Corporate Defendants, Garzon had power to, and did in fact, hire and fire employees, set employees' rates of pay and work schedules, and maintain employees' employment records.

16. At all times relevant, Defendants were covered by the FLSA and the NYLL.

17. Defendants maintained a common policy and practice of, *inter alia*, not paying employees overtime for hours worked in excess of forty (40) hours per week during their employment or otherwise notifying them of their rights under the law.

18. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

19. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

20. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

21. Plaintiff was hired twenty years ago to work as a painter for Defendants, where he would paint residential homes, as well as retail and commercial spaces.

22. At the time of his hire, and thereafter, Plaintiff received no notices from Defendants concerning information such as a rate of pay, overtime rate of pay, frequency of payment, regular pay day, or other information as required by the NYLL.

23. During his employment with Defendants, Plaintiff generally worked Mondays through Saturdays from 7:30 a.m. until 4:30 p.m., and Saturdays from 7:30 a.m. until 2:30 p.m.

24. Based on his schedule, Plaintiff worked an average of fifty-two (52) hours per week during his employment with Defendants.

25. Yet, Plaintiff's paystubs show that Plaintiff worked a maximum of forty (40) hours per week, generally showing a flat forty (40) hours per week on Plaintiff's wage statements.

26. From 2015 through 2016, Plaintiff received wage statements from G&B and AG.

27. In 2016, Plaintiff received wage statements from G&B.

28. In 2017, Plaintiff received wage statements from G&B and Island.

29. From 2019 through 2021, Plaintiff received wage statements from Island.

30. Plaintiff never clocked in at the beginning of his workday or clocked out at the end of his workday in order for Defendants to accurately determine the hours for which he should have

been paid.

31. Further, at no time was Plaintiff provided a thirty (30) minute uninterrupted meal break during his employment.

32. Upon information and belief, Defendants' failure to pay overtime wages to their employees extended to the FLSA Collective Plaintiffs and Class Members.

33. Upon information and belief, Defendants failed to provide Plaintiff, the FLSA Collective Plaintiffs and Class Members with notices and documentation as required by the NYLL, either at the time of hire or in their weekly earnings statements.

34. Defendants failed to provide notice to employees regarding their rights under the FLSA or the NYLL.

35. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff, the FLSA Collective Plaintiffs and Class Members should be tolled due to the failure to provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated (the "FLSA Collective Plaintiffs"), which shall include:

> All persons who work or worked for Defendants in non-exempt and non-managerial positions from three (3) years prior to the filing of the original Complaint in this action through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

37. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine,

and rules to willfully fail and refuse to pay them the legally required overtimes wages for all hours worked.

38. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.

39. Certifying this action as a collective action under the FLSA will provide other employees of Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

40. Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names, addresses and other contact information are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

41. Plaintiff brings Count Two as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members"), consisting of:

> All persons who work or worked for Defendants in in non-exempt and non-managerial positions from six (6) years prior to the filing of the original Complaint in this action through the date the Court certifies the class (the "Class Period").

42. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period. There are questions of law and fact common to the Class Members that predominate

over any questions affecting only individual members. The claims of Plaintiff are typical of the claims of the Class Members.

43. Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

44. There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to pay Plaintiff and Class Members overtimes wages for all hours worked.

## **COUNT ONE**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

45. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

46. Throughout the FLSA Collective Period, Plaintiff and the FLSA Collective Plaintiffs worked without receiving one and one-half times their hourly wage for the services they performed for Defendants in excess of forty (40) hours per week.

47. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wage rates for all hours worked.

48. Defendants knew that they were not paying Plaintiff and the FLSA Collective Plaintiffs by capping their hours at forty (40) hours per week although they knew the employees worked in excess of forty (40) hours per week.

49. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

50. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

51. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without being paid one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek.

52. Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and Class Members overtime wages for all hours worked in excess of forty (40) per workweek.

53. Defendants knew that they were not paying Plaintiff and the Class Members by capping their hours at forty (40) hours per week although they knew the employees worked in excess of forty (40) hours per week.

54. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

55. Plaintiff, on behalf of himself and the Class Members, seek damages for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT THREE
### (NYLL Notice Violations)

56. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

57. Defendants willfully failed to supply Plaintiff with notices as required by NYLL §195(1) containing Plaintiff's rate or rates of pay and basis thereof; whether paid by the hours, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

58. Based on Defendants' violations of the NYLL §195(1), Plaintiff and anyone who opts into this action are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-b), as well as reasonable attorneys' fees and costs.

## COUNT SEVEN
### (NYLL Wage Statement Violations)

59. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

60. Defendants willfully failed to supply Plaintiff with wage statements as required by NYLL §195(3) containing the regular rate or rates of pay; overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

61. Based on Defendants' violations of the NYLL §195(3), Plaintiff and anyone who

opts into this action s are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-d), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.   Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

C.   Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL;

D.   Awarding Plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

E.   Awarding pre- and post-judgment interest as permitted under the law;

F.   Awarding the costs of this action together with reasonable attorneys' fees; and

G.   Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: May 21, 2021
Ronkonkoma, New York

**CAMPOLO, MIDDLETON & MCCORMICK, LLP**

By: */s/ Yale Pollack*
Yale Pollack, Esq.
*Attorneys for Plaintiff, the FLSA Collective Plaintiffs and the Class Members*
4175 Veterans Memorial Highway
Ronkonkoma, New York 11779
(631) 738-9100
ypollack@ccmmllp.com