**CAMPOLO, MIDDLETON & MCCORMICK, LLP**

July 14, 2022

**VIA ECF**
Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Correa v. Garzon & Bernal Design, Inc.*
             *Eastern District Case No.: 21-cv-02888-ARR-ST*

Dear Judge Tiscione:

      This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      Subsequent to settlement conferences with Your Honor on January 12 and February 28, 2022, the parties have memorialized and executed a settlement agreement, as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants to Plaintiff in the amount of $35,000.00 paid over six months in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement).

### *Claims and Defenses*

      It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff's ability to prevail if this case would have proceeded to dispositive motion practice or to trial.

      Plaintiff commenced this action seeking unpaid wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations. Plaintiff alleges that he worked as a painter for Defendants for about twenty (20) years. During his employment, Plaintiff generally worked Mondays through Saturdays from 7:30 a.m. until 4:30 p.m., and Saturdays from 7:30 a.m. until 2:30 p.m., averaging about fifty-two (52) hours per week. Plaintiff received paystubs from Defendants that showed a flat forty (40) hours per week, and he received no premium overtime pay for time worked in excess of forty (40) hours per week at one- and one-half times his wages. Instead, Plaintiff was paid in cash at his regular rate of pay for the hours worked in excess of forty (40) per week.

      Defendants deny any wrongdoing and liability. Defendants maintain that Plaintiff was at all times paid in accordance with the FLSA and NYLL. Defendants also deny the willfulness of



Westbury | Ronkonkoma | Riverhead
(631) 738-9100 | www.cmmllp.com

[PENDING-3806/3433646]

any alleged violations under the FLSA and NYLL. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Employers willfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements."). Furthermore, Defendants have advised of their financial condition and that they could not withstand a settlement beyond that offered over the period of time.

In light of the foregoing disputes and the risks associated therewith, the parties agreed to settle the case to avoid further litigation, motion practice, and trial.

### *The Settlement Terms*

Pursuant to the Settlement Agreement (annexed as Exhibit 1), the parties have agreed to the following break-down as to payment of the total $35,000.00 settlement amount:

- Plaintiff's Recovery:           $22,734.53
- Attorneys' fees and expenses:   $12,265.47
  (1/3 contingency fee = $11,666.67;
  Expenses in the amount of $598.80
  ($402 filing fee; $196.80 service fee)

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the value of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted). *See also Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement")(citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, Defendants contend that Plaintiff is not owed any unpaid wages or other amounts. However, Defendants realize that there is the potential risk for significant expenses and

liability if this case is not settled. While Plaintiff believes he would prevail on his claims, he acknowledges that he faces significant risk in establishing liability and damages should this case proceed, especially given the financial circumstances relayed by Defendants. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect her ability to recover on any of the claims asserted in this action, including the Defendants' inability to withstand a larger judgment, given their financial situation.

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of those negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Indeed, after several rounds of negotiation between counsel, including the exchange of documentary evidence and conducting of party depositions, the parties arrived at a settlement amount of $35,000.00 to resolve all claims, including attorney's fees. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiff's attorneys' fees will be one-third of the total settlement.

Plaintiff's counsel, Yale Pollack, Esq., has experience representing employees in wage and hour actions and has been focusing almost exclusively on prosecuting claims on behalf of employee since he formed his practice in 2015. Prior to forming his own firm in 2015 and then joining this firm, Plaintiff's counsel worked at two firms on Long Island, where his focus was on employment law. Plaintiff's counsel used his experience to obtain an excellent result for the Plaintiff, which the client is very pleased with. Thus, the quality of representation weighs in favor of approving the requested fee.

The requested fee is reasonable in relation to the settlement. The settlement agreement provides for a fee of $12,265.47, which represents one-third of the total settlement amount, plus expenses advanced on Plaintiff's behalf in the litigation ($402 filing fee; $196.80 service fee). The proposed fee was consensual and agreed to by Plaintiff. The fee is also fair and reasonable as Plaintiff's counsel, including paralegals and attorneys, have spent more than one hundred (100) hours on this action when reviewing all paystubs from the client and then defendants and performing various damages calculations until this figure was agreed upon by the parties. *See Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). Moreover, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y.

Nov. 15, 2016); *see also*, *e.g.*, *Geskina v. Admore Air Conditioning Corp.*, No. 16 Civ. 3096, 2017 U.S. Dist. LEXIS 67583, at *8-9 (S.D.N.Y. May 3, 2017); *Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, at *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. § 202(a). A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### *Conclusion*

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement. We thank the Court for its time and consideration.

                                               Respectfully submitted,
                                               Law Offices of Yale Pollack, P.C.

                                               Yale Pollack, Esq.

Enclosure

cc:    All Counsel (via ECF)